Robert S. Reder (024117)
Shayna Fernandez Watts (027342)
BLYTHE GRACE PLLC
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Telephone: (602) 237-5366
Facsimile: (602) 237-5546
Email: robert@blythegrace.com
Email: shayna@blythegrace.com
Attorneys for Plaintiffs and the Collective Members

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Hailey Wander, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Scottsdale Boondocks LLC d/b/a Boondocks Patio and Grill, an Arizona Corporation; Jacob Kory and Heidi Hedlund Kory, a Married Couple; and Luke Kory and Angie Kory, a Married Couple,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201,** *ET SEQ.*<br><br>**Jury Trial Demanded** |

Plaintiff Hailey Wander, individually, and on behalf of all other persons similarly situated, alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action on behalf of herself and all similarly-situated current and former employees of Defendant Scottsdale Boondocks LLC d/b/a Boondocks Patio and Grill, ("Boondocks").

2. For the purposes of this Complaint, "employees" means former and current employees of Boondocks.

3. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219.

4. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime

owed to her individually and on behalf of all other similarly-situated employees, current and former, of defendants. Members of the collective action are referred to as the "Collective Members."

5. The Collective Members are all employees who were employed by defendants at any time starting 3 years before this Complaint was filed, up to the present.

6. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

7. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."

8. Under the FLSA, employers (1) must pay employees for compensable work; (2) cannot mandate tip pooling with employees who do not customarily and regularly receive tips; and (3) must pay all nonexempt employees an overtime premium for all time spent working more than 40 hours per week.

9. Defendants engaged in the regular policy and practice of clocking out plaintiff and the Collective Members instead of paying them for the full amount of time worked in violation of 29 CFR § 525.6.

10. Defendants engaged in the regular policy and practice of forcing plaintiff and the Collective Members to pool their tips and then defendants would pay managers and security guards with a portion of those tips in violation of 29 U.S.C. 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.")

11. Defendants engaged in the regular policy and practice of subjecting plaintiff and the Collective Members to their policy and practice of failing to pay them one and one-half times their regular rates of pay for all time they worked more than 40 hours per week, in violation of 29 U.S.C. § 207(a). Therefore, defendants did not pay plaintiff or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

### Jurisdiction and Venue

12. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

2

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this action arises under the Constitution and laws of the United States.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of plaintiff and the Collective Members occurred within the District of Arizona, and defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

**Parties**

15. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

16. At all times material to the matters alleged in this complaint, plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of defendants.

17. At all material times, plaintiff is a full-time, non-exempt employee of defendants who has worked for defendants from approximately May 5, 2018 through approximately March 15, 2020.

18. Throughout plaintiff's entire employment, she has been paid as an hourly employee at a rate of $9.00 per hour.

19. At all material times, plaintiff was employed by defendants.

20. Defendants have employed hundreds of bartenders and servers like plaintiff.

21. At all material times, plaintiff was an employee of defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

22. Plaintiff has given her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as **Exhibit A**.

23. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former servers of defendants, including, but not limited to food servers, bartenders, and waiters, who agree in writing to join this action seeking recovery under the FLSA.

24. Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of defendants–specifically, servers and bartenders who were not paid one and one-half times their regular rates of pay for all time worked in excess of 40 hours in

3

any given workweek and whose wages, therefore, were non-compliant with the FLSA.

25. Boondocks is patio bar located in Old Town Scottsdale that serves food, beer, spirits, and wine. It maintains one large climate-controlled patio with games such as pool, bag toss, darts, ping pong, basketball, skee-ball and arcade games.

26. Boondocks is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

27. Under the FLSA, Boondocks is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Boondocks had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with plaintiff's and the Collective Members' employment with defendants. As a person who acted in the interest of defendants in relation to the company's employees, Boondocks is subject to individual liability under the FLSA.

28. Defendant Jacob Kory and Heidi Hedlund Kory are, upon information and belief, husband and wife, residing in Arizona.

29. J. Kory has caused events to take place giving rise to the claims in this complaint as to which his marital community is fully liable.

30. At all relevant times, J. Kory was an owner of Boondocks and was plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

31. At all relevant times, J. Kory had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with plaintiff's and the Collective Members' employment at Boondocks.

32. As a person who acted in the interest of Boondocks in relation to Boondock's employees, J. Kory is subject to individual liability under the FLSA.

33. Defendant Luke Kory and Angie Kory are upon information and belief, husband and wife, residing in Arizona.

4

34. L. Kory has caused events to take place giving rise to the claims in this complaint as to which his marital community is fully liable.

35. At all relevant times, L. Kory was an owner of Boondocks and was plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

36. At all relevant times, L. Kory had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with plaintiff's and the Collective Members' employment at Boondocks.

37. As a person who acted in the interest of Boondocks in relation to Boondock's employees, L. Kory is subject to individual liability under the FLSA.

38. Plaintiff is further informed, believes, and therefore alleges that each of the individual defendants gave consent to, ratified, and authorized the acts of all other defendants.

39. Defendants, and each of them, are sued in both their individual and corporate capacities.

40. Defendants are jointly and severally liable for the injuries and damages sustained by plaintiff and the Collective Members.

41. At all relevant times, plaintiff and the Collective Members were "employees" of defendants as defined by the FLSA, 29 U.S.C. § 201, et seq.

42. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to defendants.

43. At all relevant times, defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201*, et seq.*

44. Defendants individually and/or through an enterprise or agent, directed and exercised control over plaintiff's and the Collective Members' work and wages at all relevant times.

45. At all relevant times, plaintiff and the Collective Members, in their work for defendants, were engaged in commerce or the production of goods for commerce.

46. At all relevant times, plaintiff and the Collective Members, in their work for defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

5

**Facts**

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. On approximately May 2018, plaintiff began employment with defendants as a bartender and server which required her to performing various services, which generally consisted of, but was not limited to, taking orders, serving food and beverages to guests, cleaning behind the 3 bars at the end of the night by pulling all the glassware off of the bar mats and cleaning it, cleaning under the mats and replacing everything once clean, wiping down all stainless steel behind the bar, wiping down every single liquor bottle and placing some in storage, capping all bottles that stay out, wiping down the bar top, entering all receipts and tips for the entire day which could take hours on weekends, restocking all napkins, straws, and any dry stock, sorting all of the money in for the entire day into respective categories then adding it up and determining the tip pool total and dividing money by hours worked and distribute each employees money into the envelope for their pay, and other similar work that Defendants required them to do.

49. Bartenders and servers were not permitted to leave until all these tasks were completed.

50. On the first of every month bartenders also had to stay for inventory night which required them to count every single bottle/can/liquor bottle etc. along with the normal closing work, and on these nights, bartenders were there until at least 6 a.m. on average even though Defendants had intentionally clocked them out automatically at 3 a.m.

51. At all relevant times, plaintiff and the Collective Members, collectively, have performed work as a bartenders and servers for Defendants.

52. At all relevant times, defendants engaged in the regular policy and practice of clocking out bartenders and servers instead of paying them for the full amount of time worked.

53. At all relevant times, defendants engaged in the regular policy and practice of forcing plaintiff and the Collective Members to pool their tips and then pay managers and security guards with those tips.

54. At all relevant times, defendants engaged in the regular policy and practice of

6

subjecting plaintiff and the Collective Members to their policy and practice of failing to pay for overtime and failing to pay them one and one-half times their regular rates of pay for all time they worked more than 40 hours per week, in violation of 29 U.S.C. § 207(a).

55. Defendants did not pay plaintiff or the Collective Members the applicable overtime rate.

56. Plaintiff and the Collective Members are and were non-exempt employees.

57. From the beginning of plaintiff's and the Collective Members' employment through the present day, defendants failed to properly compensate plaintiff and the Collective Members for all their hour worked and overtime hours.

58. At all relevant times, plaintiff and the Collective Members were paid exclusively on an hourly basis.

59. Plaintiff and the Collective Members were not managers.

60. Plaintiff and the Collective Members did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

61. Plaintiff's and the Collective Members' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

62. From the beginning of plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate them time worked and for overtime hours.

63. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during plaintiffs' and the Collective Members' employment. As such, defendants' conduct constitutes a willful violation of the FLSA.

64. Defendants refused and/or failed to properly disclose to or apprise plaintiff and the Collective Members of their rights under the FLSA.

7

65. Therefore, in each workweek, and during each and every workweek of plaintiff's and the Collective Members' employment with defendants, plaintiff and the Collective Members were subject to defendants' policy and practice of not paying for time worked and one and one-half times plaintiff's and the Collective Members' regular rates of pay for all hours worked in excess of 40 hours in a given workweek.

66. In a given workweek, and during each and every workweek of plaintiff's and the Collective Members' employment with defendants, plaintiff and the Collective Members worked more than 40 hours but were not paid the applicable one- and one-half times plaintiff's and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

67. Plaintiff believes and therefore claims that defendants subjected each and every bartender and Server that they employed, including plaintiff and the Collective Members, to their policy and practice of (1) failing to pay for compensable work; (2) mandating tip pooling with employees who do not customarily and regularly receive tips; and (3) failing to pay one- and one-half times plaintiff's and the Collective Members' regular rates of pay for all hours worked in excess of 40 in a given workweek.

68. Plaintiff and the Collective Members are covered employees within the meaning of the FLSA.

69. Defendants individually and/or through an enterprise or agent, directed and exercised control over plaintiff's and Collective Members' work and wages at all relevant times.

70. Due to defendants' illegal wage practices, plaintiff and the Collective Members are entitled to recover from defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**Collective Action Allegations**

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former bartenders and servers of

8

defendants.

73. At all times material, defendants paid plaintiff and the Collective Members at a fixed hourly rate.

74. Defendants subjected all their bartenders and servers, including plaintiff and the Collective Members, to their illegal wage policies and practices described in this complaint.

75. At all times material, plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting plaintiff and the Collective Members to their illegal policies and practices described in this complaint.

76. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members.

77. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to plaintiff is identical or substantially similar.

78. Plaintiff and the Collective Members were each compensated on an hourly basis for the duration of their employment with defendants.

79. The Collective Members perform or have performed the same or similar work as plaintiff.

80. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of plaintiff or the Collective Members.

81. While the parties have described plaintiff's and the Collective Members' job titles as bartender and server, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

82. All Collective Members, irrespective of their job requirements and job titles, are entitled to proper compensation for all hours worked.

83. Although the exact amount of damages may vary among the Collective Members, the

BLYTHE GRACE PLLC
4040 East Camelback Road | Suite 275
Phoenix, Arizona 85018

9

damages for the Collective Members can be easily calculated by a simple formula.

84. The claims of all Collective Members arise from a common nucleus of facts.

85. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all the Collective Members.

86. As such, plaintiff bring his FLSA overtime wage claim as a collective action on behalf of the following class:

> **The FLSA Collective Members are: (1) all of defendants' current and former bartenders and servers whose shifts were automatically clocked out each day starting 3 years before this lawsuit was filed up to the present; and/or (2) all of defendants' current and former bartenders and servers whose tips were pooled and distributed to managers, security guards, and other employees of Boondocks.**

87. Defendants' unlawful conduct, as described in this Collective Action Complaint, was done pursuant to defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

88. Defendants are aware or should have been aware that federal law prohibited them from not paying their bartenders and servers – namely, plaintiff and the Collective Members – an overtime premium wage for all time spent working in excess of 40 hours per given workweek.

89. Defendants' unlawful conduct has been widespread, repeated, and consistent.

90. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

91. Upon information and belief, the individuals similarly situated to plaintiff include more than 50 bartenders and servers currently and/or formerly employed by defendants, and plaintiffs are unable to state the precise number of similarly situated employees because that information is solely in defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of defendants' payroll processor.

92. Notice can be provided to the Collective Members by First Class Mail to the last address known to defendants, by email at the last known email address known to defendants, by social media, and by text message to the last known telephone number known to defendants.

93. Upon information and belief, defendants failed to maintain appropriate payroll and

10

other required employment documents and postings related to plaintiff and the Collective Members. Under the FLSA the employer has the duty to track and maintain employees pay records for up to 3 years.

94. The DOL Labor "Fact Sheet" is instructive regarding what records an employer must keep and required FLSA postings. *See* https://www.dol.gov/agencies/whd/fact-sheets/21-flsa-recordkeeping (last visited on May 5, 2021).

95. "When an employer whose employee works [overtime] chooses neither to keep records of their employee's time nor acknowledge their employee's presence for those extended hours, that employer can easily be said to have disregarded the possibility of violating the FLSA." *Ramos v. Al-Bataineh*, 5th Cir., No. 13-20749 (March 30, 2015).

## Count I

### (FLSA – Failure to Pay for Compensable Work)

96. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97. At all relevant times, defendants did not pay plaintiff or the Collective Members for all hours worked.

98. Defendants engaged in such conduct in direct violation of 29 CFR § 525.6.

99. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate plaintiff and the Collective Members over the course of their employment would violate federal and state law, and defendants were aware of the FLSA wage requirements during plaintiff's and the Collective Members' employment. As such, defendants' conduct constitutes a willful violation of the FLSA.

100. In addition, upon information and belief, defendants failed to maintain appropriate FLSA records and are subject to a finding of willfulness on that basis.

101. Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

11

## Count II

### (FLSA – Improper Dominion Over Employee Tips)

102. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103. Defendants engaged in the regular practice of retaining tips received by including plaintiff and the Collective Members for every workweek during which plaintiff and the Collective Members worked for defendants, in violation of the FLSA, 29 U.S.C. § 203(m)'s requirement that all tips received by a tipped employee are retained by that tipped employee.

104. As a result of defendants' violation of 29 U.S.C. § 203(m), defendants were prohibited from imposing any tip credit whatsoever upon plaintiff's and the Collective Members' wages.

105. Defendants intentionally failed and/or refused to pay the full minimum wage according to the provisions of the FLSA for every workweek that the plaintiff and the Collective Members worked for defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

106. As such, full applicable minimum wage for such time plaintiff and the Collective Members worked is owed to the plaintiff and the Collective Members for the entire time they were employed by defendants.

107. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay the plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and defendants were aware of the FLSA minimum wage requirements during the plaintiffs and the Collective Members employment. As such, defendants' conduct constitutes a willful violation of the FLSA.

108. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## Count III

### (FLSA – Failure to Pay Overtime)

109. Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

110. At all relevant times, defendants did not pay plaintiff or the Collective Members one- and one-half times their regular rates of pay for all time spent working more than 40 hours in each workweek.

111. Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

112. As such, unpaid overtime wages for such time plaintiff and the Collective Members worked more than 40 hours per given workweek are owed to plaintiff and the Collective Members.

113. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate plaintiff and the Collective Members over the course of their employment would violate federal and state law, and defendants were aware of the FLSA overtime wage requirements during plaintiff's and the Collective Members' employment. As such, defendants' conduct constitutes a willful violation of the FLSA.

114. Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## **Damages**

115. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

116. Plaintiff and the Collective Members are entitled to recover their unpaid compensation, their tipped compensation illegally transferred to managers, security guards, and other Boondocks employees, and overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one- and one-half times their regular rates of pay for all hours worked in excess of 40 in a given workweek.

117. Plaintiff and the Collective Members are also entitled to an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

118. Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

1  WHEREFORE, plaintiff, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in plaintiff's and the Collective Members' favor, and against defendants:

A. For the Court to declare and find that the defendants committed one or more of the following acts: (1) failed to compensate employees for time worked; (2) willfully failed to compensate employees for time worked; (3) improperly withheld tips from employees; (4) willfully withheld tips from employees; (5) violated overtime provisions of the FLSA, 29 U.S.C. § 207, (6) willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207.

B. For the Court to award damages in the amounts of all unpaid compensation due and owing to plaintiff and the Collective Members.

C. For the Court to award compensatory damages, including liquidated and punitive damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial.

D. For the Court to award pre-judgment and post-judgment interest on any damages awarded.

E. For the Court to award plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this complaint.

F. For the Court to provide reasonable incentive awards for each named plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G. For treble damages pursuant to the FLSA.

H. Such other relief as this Court deems just and proper.

### Request for Collective Action Certification

As to the counts contained in this Complaint, plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b).

**Jury Trial Request**

Plaintiff requests a trial by jury on all issues so triable.

Dated this May 5, 2021

                         BLYTHE GRACE PLLC

                         */s/Shayna Fernandez Watts*
                         Robert S. Reder
                         Shayna Fernandez Watts
                         4040 East Camelback Road, Suite 275
                         Phoenix, Arizona 85018
                         Attorneys for Plaintiff and the Collective Members